DAVID, J.,
concurring in result.
The majority concludes that the “facts do not support a conviction of the defendant for Murder as a principal but only as an accomplice.” Op. at 465. In essence, the majority believes that Castillo did not knowingly or intentionally kill her two-year-old cousin. Although I agree that the evidence does not support a finding that Castillo intentionally killed the victim, I believe that there was sufficient evidence for a jury to find that Castillo knowingly killed the victim.
The evidence showed that over the course of at least five hours, Castillo repeatedly beat the two-year-old victim in some way, shape, or form. The evidence further showed that Castillo told her boyfriend that the victim hit her head on a table after Castillo slapped the victim. The likely cause of death to the victim was blunt force trauma to the head. It was reasonable for the jury to infer that Castillo either (1) was aware that her slapping the victim in close proximity to the table *471 could easily result in the victim hitting her head on the table or (2) was lying when she stated it was an accident that the victim hit her head on the table.
Furthermore, Castillo’s boyfriend testified that after the table incident there was another incident that involved Castillo and the victim in the victim’s bedroom. He testified that there were “boom, boom, boom, boom” noises coming from the bedroom, where Castillo had tied the victim to a chair. Op. at 464. Although he could not see what was causing the noises, he testified that thirty minutes later, he “noticed that the victim had a bruise on her face, that she seemed ‘out of it,’ and that she was unable to hold her bottle while sitting in her carseat.” Op. at 464. It was reasonable for the jury to infer that (1) the noises were the result of Castillo beating the victim behind closed doors, given the victim’s state shortly afterward and that (2) given everything that had already happened that day, Castillo was aware that additional beating would likely cause the death of a two-year-old.
Ultimately, I believe a jury could have properly found that Castillo, especially when her actions are viewed in the aggregate, was aware that her conduct would result in the death of her two-year-old cousin. A sentence revision should not be based on the nature of the offense, which was clearly heinous.
However, I do not object to revising the sentence to a term of sixty-five years for a host of other reasons: Castillo’s difficult upbringing, her boyfriend’s participation in the murder, the terms of the boyfriend’s plea agreement, and the prosecutorial misconduct.